UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DAVID E. WARMACK**
*Plaintiff*

CIVIL ACTION NO.: 2:19-cv-11512

JUDGE:

v.

MAGISTRATE JUDGE:

**JERRY LARPENTER, in his official Capacity as the Sheriff of Terrebonne Parish, and TERREBONNE PARISH CONSOLIDATED GOVERNMENT,** as the political entity that owns the Terrebonne Parish Criminal Justice Complex
*Defendants*

---

## COMPLAINT

---

**NOW INTO COURT**, through his undersigned counsel, comes Plaintiff, David E. Warmack, who respectfully represents as follows:

### JURISDICTION AND VENUE

**1.**

This court has subject-matter jurisdiction herein pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 for Plaintiff's claims arising under federal law. This is an action seeking injunctive relief, declaratory relief, attorneys fees and costs arising out of Defendants' violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*

*(hereinafter, "ADA")*; Section 504 of the rehabilitation Act of 1973, 29 U.S.C. § 794 *(hereinafter, "RA")*. Plaintiff also seeks compensatory damages pursuant to the RA. Plaintiff asserts that he was a qualified, disabled individual within the meaning of the ADA and RA. Plaintiff also asserts that he was not provided reasonable accommodations by the Defendants and thereafter sustained harms and losses.

**2.**

Venue is appropriate in the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1391(b), because the events giving rise to this action occurred in this judicial district and Defendants, also reside and/or are situated within this judicial district.

## PARTIES

**3.**

Plaintiff, **DAVID E. WARMACK**, *(hereinafter, "Warmack")* is a person of the full age of majority and a citizen and resident of Caddo Parish, Louisiana. Warmack is a Deaf individual who communicates primarily in American Sign Language *(hereinafter "ASL")* which is his expressed, preferred, and most effective means of communication. Warmack has limited proficiency in written English and requires auxiliary aids and services to communicate effectively regarding legal and medical matters. Warmack is substantially limited in the major life activities of hearing and speaking and is a qualified person with a disability within the meaning of the ADA and RA.

**4.**

Made defendants herein are:

A. **JERRY LARPENTER**, in his official capacity as Sheriff of Terrebonne Parish, who, upon information and belief, resides in the Eastern District of Louisiana and who is the political official responsible for the administration of the Terrebonne Parish Criminal Justice Complex;

B. **TERREBONNE PARISH CONSOLIDATED GOVERNMENT**, a political subdivision of the state of Louisiana, who, upon information and belief, owns the Terrebonne Parish Criminal Justice Complex, located in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

**5.**

Warmack was arrested on July 3, 2018 while in Terrebonne Parish after he was stopped for a traffic violation and was suspected of driving while intoxicated and for a drug related offense.

**6.**

Warmack was subsequently incarcerated at the Terrebonne Parish Criminal Justice Complex *(hereinafter, "TPCJC")* while awaiting his trial and sentencing for these offences.

**7.**

After his trial and sentencing Warmack remained at TPCJC as a Louisiana Department of Corrections *(hereinafter "DOC")* inmate housed at TPCJC until November 13, 2018. At this time he was transferred to the Louisiana State Penitentiary at Angola where he served the remainder of his sentence and was released on March 21, 2019. Warmack is no longer incarcerated.

**8.**

Warmack was transferred from TPCJC to Angola on November 13, 2018 as a result of an October 17, 2018 DOC request for transfer submitted by the TPCJC medical staff noting that he had special medical/mental health needs citing, *"hearing impaired and needs translator"* also, that he was *"Deaf, doesn't speak well"*.

**9.**

During Warmack's five-month incarceration at TPCJC, he sought medical treatment on 7/4/18; 8/23/18; 9/6/18; 9/14/18; 9/18/18; 10/26/18; and 11/2/18. No ASL interpreter or any effective auxiliary aids and services were provided at any time during these medical encounters.

**10.**

During Warmack's five-month incarceration at TPCJC, Defendants failed to provide ASL interpreters or any effective auxiliary aids and services at any time to

facilitate adequate communication between Warmack and any correctional officer or staff while incarcerated at TPCJC.

**11.**

Although TPCJC was equipped with regular telephones for use by the general inmate population, during his incarceration, TPCJC refused to provide a Video Phone for Warmack's use.

**12.**

Plaintiffs seek declaratory, injunctive, and equitable relief; compensatory and exemplary damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq.; and Section 504 of the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. § 794.

**13.**

Based on Plaintiffs' allegations herein, it is evident that Defendants have failed to implement policies and to train their employees regarding the civil rights and communication needs of deaf individuals. Plaintiffs bring this action to compel Defendants to cease unlawful discriminatory practices and implement policies and procedures that will ensure effective communication, full and equal enjoyment, and a meaningful opportunity for deaf individuals to participate in and benefit from Defendants' services.

**14.**

Defendant **JERRY LARPENTER**, the Sheriff of Terrebonne Parish, is the political official responsible for the administration of the Jefferson Parish Correctional Center.

**15.**

As the owner of the TPCJC, Defendant **TERREBONNE PARISH CONSOLIDATED GOVERNMENT** is obligated to comply with the requirements of the ADA and RA.

**16.**

As the operator and administrator of the correctional facility at the TPCJC, Defendant **JERRY LARPENTER**, the Sheriff of Terrebonne Parish, is obligated to comply with the requirements of the ADA and RA.

**17.**

Defendants **JERRY LARPENTER** and **TERREBONNE PARISH CONSOLIDATED GOVERNMENT** are each public entities and recipients of federal financial assistance, thus making each entity identified above subject to the requirements of the ADA and RA.

**18.**

Defendants are jointly obligated to comply with the requirements of the ADA and RA.

**19.**

Defendants were aware that Warmack is deaf and required a sign language interpreter to communicate effectively.

**20.**

During Warmack's five-month incarceration at TPCJC, hearing inmates were given access to unlimited telephone use during the day to call friends and family. Although TPCJC was equipped with regular telephones for use by the general inmate population, TPCJC refused to provide a Video Phone for Warmack's use. TPCJC did not have video phones installed at the facility, nor did they have a TTY machine. Warmack as a Deaf inmate was deprived of this privilege enjoyed by the remaining inmate population.

**21.**

Upon information and belief, Defendants were aware of Warmack's obvious disability and need for an ASL interpreter or other auxiliary aids and services. Warmack's deafness was brought to the Defendants' attention during the initial booking process and is was well documented multiple times during his medical encounters.

**22.**

Defendants' staff failed to undertake any meaningful assessment of Warmack's communication needs and abilities.

**23.**

Defendants' staff ignored Warmack's requests regarding his communication needs and abilities and communication preference.

**24.**

Defendant's staff often forced Nelson to attempt to communicate through either lipreading or reading or writing in English, neither of which are effective modes of communication for Warmack.

**25.**

As a result of Defendants' failure to ensure effective communication with Warmack, he received services that were objectively substandard and that were inferior to those provided to hearing inmates and he was subjected to discriminatory treatment because of his disability.

**26.**

Defendants intentionally discriminated against Warmack with deliberate indifference to his rights and his communication needs, causing him to endure loss of liberty, humiliation, fear, anxiety, isolation, guilt, and emotional distress.

## CLAIM 1: VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT

**27.**

Plaintiffs repeat and reallege all preceding paragraphs in support of this claim.

**28.**

At all times relevant to this action, Title II of the ADA, 42 U.S.C. § 12131, et seq. has been in full force and effect and has applied to Defendants' conduct.

**29.**

At all times relevant to this action, the United States Department of Justice regulations implementing Title II of the ADA, 28 C.F.R. Part 35, have been in full force and effect and have applied to the Defendants' conduct.

**30.**

At all times relevant to this action, Warmack has been substantially limited in the major life activities of hearing and speaking and is an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(2).

**31.**

Defendants are public entities within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1).

**32.**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

**33.**

Federal regulations implementing Title II of the ADA provide that a public entity may not "(i) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service; (ii) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; [or] (iii) provide a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others." 28 C.F.R. § 35.130(b)(1).

**34.**

Federal regulations implementing Title II of the ADA further provide that "a public entity shall operate each service, program, or activity so that the service, program or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a).

**35.**

Federal regulations implementing Title II of the ADA further provide that a public entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public, and companions with disabilities are as effective as communications with others." 28 C.F.R. § 35.160(a)(1).

**36.**

Federal regulations implementing Title II of the ADA further provide that a public entity "shall furnish appropriate auxiliary aids and services where necessary," and "in order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 35.160(b).

**37.**

Defendants discriminated against Plaintiffs, on the basis of disability, in violation of Title II of the ADA and its implementing regulations.

**38.**

Plaintiffs are therefore entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the ADA, 42 U.S.C. § 12188(a)(1), and/or common law.

## CLAIM 2: VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT

**39.**

Plaintiffs repeat and reallege all preceding paragraphs in support of this claim.

**40.**

At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, has been in full force and effect and has applied to Defendants' conduct.

**41.**

At all times relevant to this action, the United States Department of Health and Human Services ("HHS") regulations implementing Section 504 of the Rehabilitation Act, 45 C.F.R. Part 84, have been in full force and effect and have applied to Defendants' conduct.

**42.**

At all times relevant to this action, Plaintiff N. Arce has had substantial limitations to the major life activities of hearing and speaking and has been an individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705(9).

**43.**

At all times relevant to this action, Defendants have been offering programs, services, activities, or accommodations receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

**44.**

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

**45.**

The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

**46.**

Defendants discriminated against Plaintiff, on the basis of disability, in violation of 29 U.S.C. § 794.

**47.**

Plaintiff is therefore entitled to seek and recover compensatory damages for the harms and losses he sustained as a result of Defendants' discriminatory conduct and deliberate indifference as hereinbefore alleged, pursuant to 29 U.S.C. § 794(a).

**48.**

Plaintiffs are further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a) and/or common law.

## JURY DEMAND

**49.**

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully pray that this Court grant the following relief:

a. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' policies, procedures, and practices have subjected Plaintiffs to unlawful discrimination in violation of Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

b. Issue an injunction forbidding Defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or their companions, meaningful access to and full and equal enjoyment of Defendants' facilities, services or programs;

c. Issue an injunction ordering Defendants:

　　i. To develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals and their companions by failing to provide effective communication;

　　ii. To develop, implement, promulgate, and comply with a policy requiring that a certified in-person legal ASL interpreter be provided to all deaf or hard of hearing individuals for effective communication in all services offered by Defendants;

　　iii. To install video phones in all their correctional facilities;

　　iv. To develop and implement a new system, or integrate into a currently existing system a means of identifying inmates as Deaf, Deaf Blind,

        Deaf Disabled, Hard of Hearing, and other persons with other disabilities;

    v.    To produce an ASL accessible version of any all information available on Defendants' website including, but not limited to, inmate handbooks, sex offender registry, and explanation of pre-release programs;

    vi.    To create and maintain a list of sign language interpreters and ensure availability of such interpreters at any time of day or night;

    vii.    To train all their employees, staffs, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the ADA and the RA;

d.    Award to Plaintiffs:

    i    Compensatory damages pursuant to the ADA and the RA;

    ii    Reasonable costs and attorneys' fees pursuant to the ADA and the RA;

    iii    Interest on all amounts at the highest rates and from the earliest dates allowed by law;

    iv    Any and all other relief that this Court finds necessary and appropriate.

Respectfully Submitted:
**BIANCA LAW FIRM**

<u>/s/ Dominick M. Bianca</u>
**DOMINICK M. BIANCA (#26802)**
8212 Summa Ave.
Baton Rouge, Louisiana 70809
Telephone: (225) 925-2877
Facsimile: (225) 925-2875
Email: rusty@biancalawfirm.com
*Counsel for Plaintiff, David E. Warmack*