UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID E. WARMACK** | CIVIL ACTION |
| **VERSUS** | NO: 19-11512 |
| **JERRY LARPENTER, in his official Capacity as the Sheriff of Terrebonne Parish, and TERREBONNE PARISH CONSOLIDATED GOVERNMENT,** as the political entity that owns the Terrebonne Parish Criminal Justice Complex | SECTION: T |

## ORDER

Before the Court is a Motion for Summary Judgment of Defendant, Jerry J. Larpenter, Sheriff of Terrebonne Parish.[1] No opposition has been filed. For the following reasons, the Motion for Summary Judgment of Defendant, Jerry J. Larpenter, Sheriff of Terrebonne Parish[2] is **GRANTED.**

## BACKGROUND

David Warmack ("Plaintiff") seeks damages against Jerry Larpenter, in his official capacity as Sheriff of Terrebonne Parish ("Sheriff Larpenter") and Terrebonne Parish Consolidated Government (collectively, "Defendants") for alleged violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA") and Section 504 of the rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA").[3] Plaintiff is a deaf individual who communicates primarily in American Sign Language ("ASL") and has limited proficiency in written English.[4]

---

[1] R. Doc. 13.
[2] R. Doc. 13.
[3] R. Doc. 1.
[4] R. Doc. 1.

On July 3, 2018, Plaintiff was arrested in Terrebonne Parish after he was stopped for a traffic violation and was suspected of driving while intoxicated and for a drug related offense.[5] Plaintiff was subsequently incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC") while awaiting his trial and sentencing. After his trial and sentencing, Plaintiff remained at TPCJC as a Louisiana Department of Corrections inmate until November 13, 2018. He was then transferred to the Louisiana State Penitentiary at Angola where he served the remainder of his sentence and was released on March 21, 2019.

Plaintiff alleges that during his incarceration at the TPCJC, Defendants failed to provide ASL interpreters or any effective auxiliary aids and services to facilitate adequate communication between Plaintiff and the staff. Although the TPCJC was equipped with regular telephones for use by the general inmate population, Plaintiff alleges TPCJC refused to provide a video phone for Plaintiff to use. Plaintiff further alleges Defendants' staff ignored Plaintiff's requests regarding his communication needs, that he received services that were objectively substandard, and that he was subjected to discriminatory treatment because of his disability. Plaintiff contends Defendants' actions caused him to endure loss of liberty, humiliation, fear, anxiety, isolation, guilt and emotional distress.

Sheriff Larpenter has moved for summary judgment contending that Plaintiff has no evidence to prove that any of the alleged violations of the ADA and RA are likely to recur because Plaintiff is no longer incarcerated at the TPCJC. Additionally, Sheriff Larpenter claims Plaintiff has no evidence to support his claim for "compensatory" or "exemplary" damages, or for attorney's fees and costs, under either the ADA or the RA. Therefore, Sheriff Larpenter contends he is entitled to judgment dismissing Plaintiff's claims.

---

[5] R. Doc. 1.

## **LAW AND ANALYSIS**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[7] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[8] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[9] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[10]

To recover under either Section 504 of the RA or Title II of the ADA on a claim of disability–based intentional discrimination by a public entity, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) he is being denied the benefits of a public entity's services, programs or activities, or otherwise suffers intentional discrimination by the entity; and (3) the discrimination or denial of benefits was because of his disability.[11] The Court finds that the competent summary judgment evidence submitted by Sheriff Larpenter shows that Plaintiff will be unable to prove that he was denied the benefits of services, programs, or activities or was otherwise discriminated against while in the custody of the TPCJC.

---

[6] Fed. R. Civ. P. 56(a).
[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[8] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[9] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[10] *Smith v. Reg'l Transit Auth*., 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[11] *Doe v. ColumbiaBrazoria Indep. Sch. Dist. by & through Bd. of Trs.,* 855 F.3d 681,690 (5th Cir. 2017).

The affidavit of Warden Bergeron establishes the chronology of how and when a video relay service was added to the existing means of written communication at the TPCJC to accommodate Plaintiff. Although the installation of the video relay service system was not accomplished until November 13, 2018, the date Plaintiff was transferred from the TPCJC to the Elayne Hunt Correctional facility, Defendants still attempted to provide Plaintiff with accommodations. Additionally, Plaintiff was able to communicate with the TPCJC staff without the need for an ASL-qualified interpreter during his entire incarceration. The undisputed facts show that Plaintiff will not be able to establish that he was denied the benefits of a public entity's services, programs or activities, or otherwise suffered intentional discrimination by the Defendants. Therefore, Sheriff Larpenter is entitled to judgment dismissing Plaintiff's claims under the RA and ADA.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment of Defendant, Jerry J. Larpenter, Sheriff of Terrebonne Parish[12] is **GRANTED.**

**New Orleans, Louisiana**, on this 12th day of May, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 13.