# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID E. WARMACK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-11512** |
| **JERRY LARPENTER, in his official Capacity as the Sheriff of Terrebonne Parish, and TERREBONNE PARISH CONSOLIDATED GOVERNMENT,** as the political entity that owns the Terrebonne Parish Criminal Justice Complex | **SECTION: T** |

## ORDER

Before the Court is a Motion for Summary Judgment filed by Terrebonne Parish Consolidated Government ("TPCG").[1] David Warmack ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment is **GRANTED.**

## BACKGROUND

On July 3, 2019, Plaintiff initiated this action against Jerry Larpenter, in his official capacity as Sheriff of Terrebonne Parish ("Sheriff Larpenter") and TPCG for alleged violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA") and Section 504 of the rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA").[3] On May 12, 2020, the Court granted Sheriff Larpenter's motion for summary judgment and dismissed Plaintiff's claims against Sheriff Larpenter with prejudice. On July 23, 2020, TPCG filed a motion for summary judgment contending it is in the same position as Sheriff Larpenter and that summary judgment dismissing Plaintiff's claims against TPCG is, therefore, appropriate.

---

[1] R. Doc. 21.
[2] R. Doc. 24.
[3] R. Doc. 1.

1

Plaintiff is a deaf individual who communicates primarily in American Sign Language ("ASL") and has limited proficiency in written English.[4] On July 3, 2018, Plaintiff was arrested in Terrebonne Parish after he was stopped for a traffic violation and was suspected of driving while intoxicated and for a drug related offense.[5] Plaintiff was subsequently incarcerated at the Terrebonne Parish Criminal Justice Complex ("TPCJC") while awaiting his trial and sentencing. After his trial and sentencing, Plaintiff remained at TPCJC as a Louisiana Department of Corrections inmate until November 13, 2018. He was then transferred to the Louisiana State Penitentiary at Angola where he served the remainder of his sentence and was released on March 21, 2019.

Plaintiff alleges that during his incarceration at the TPCJC, "He sought medical treatment….[on seven occasions]. No ASL interpreter or any effective auxiliary aids and services were provided at any time during these medical encounters."[6] Plaintiff further alleges that TPCG failed to provide ASL interpreters or any effective auxiliary aids and services to facilitate adequate communication between Plaintiff and the staff. Although the TPCJC was equipped with regular telephones for use by the general inmate population, Plaintiff alleges TPCJC refused to provide a video phone for Plaintiff to use. Plaintiff alleges the TPCJC staff ignored Plaintiff's requests regarding his communication needs, that he received services that were objectively substandard, and that he was subjected to discriminatory treatment because of his disability. Plaintiff contends these actions caused him to endure loss of liberty, humiliation, fear, anxiety, isolation, guilt and emotional distress.

---

[4] R. Doc. 1.
[5] R. Doc. 1.
[6] R. Doc. 1, p.4.

TPCG has moved for summary judgment contending that Plaintiff has no evidence to support any of the factual allegations cited or that any of the alleged violations of the ADA and RA are likely to recur because Plaintiff is no longer incarcerated at the TPCJC. Additionally, TPCG claims Plaintiff has no evidence to support his claim for "compensatory" or "exemplary" damages, or for attorney's fees and costs, under either the ADA or the RA. Therefore, TPCG contends it is entitled to judgment dismissing Plaintiff's claims.

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[8] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[9] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[10] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[11]

To recover under either Section 504 of the RA or Title II of the ADA on a claim of disability–based intentional discrimination by a public entity, a plaintiff must prove: (1) he is a qualified individual with a disability; (2) he is being denied the benefits of a public entity's

---

[7] Fed. R. Civ. P. 56(a).
[8] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[9] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[10] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[11] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

services, programs or activities, or otherwise suffers intentional discrimination by the entity; and (3) the discrimination or denial of benefits was because of his disability.[12] Plaintiff contends he has established he is a deaf individual who communicates primarily though ASL.[13] TPCG does not dispute that Plaintiff is a deaf individual. Instead, TPCG contends that Plaintiff cannot establish that he was denied the benefits of services, programs, or activities or otherwise discriminated against while in the custody of the TPCJC or that he was subjected to intentional discrimination. Plaintiff's answers to Sheriff Larpenter's interrogatories and the affidavits of Warden Bergeron and Richard Neal with the exhibits attached thereto show that TPCG, through the medical department, at all times relevant, provided a reasonable accommodation of Plaintiff's disability. Therefore, the Court finds that the competent summary judgment shows that Plaintiff will be unable to prove that he was denied the benefits of services, programs, or activities or was otherwise discriminated against while in the custody of the TPCJC.

The affidavit of Warden Bergeron establishes the chronology of how and when a video relay service was added to the existing means of written communication at the TPCJC to accommodate Plaintiff. Although the installation of the video relay service system was not accomplished until November 13, 2018, the date Plaintiff was transferred from the TPCJC to the Elayne Hunt Correctional facility, Defendants still attempted to provide Plaintiff with accommodations. Additionally, Plaintiff was able to communicate with the TPCJC staff without the need for an ASL-qualified interpreter during his entire incarceration. The undisputed facts show that Plaintiff will not be able to establish that he was denied the benefits of a public entity's services, programs or activities, or otherwise suffered intentional discrimination by the TPCG.

---

[12] *Doe v. ColumbiaBrazoria Indep. Sch. Dist. by & through Bd. of Trs.,* 855 F.3d 681,690 (5th Cir. 2017).
[13] R. Doc. 24, p.4.

Additionally, TPCG contends that the evidence does not support any factual link between Plaintiff's alleged injuries and any action or inaction by TPCG and the TPCJC medical staff that qualifies as deliberate indifference or intentional discrimination. Because the summary judgment evidence shows that Plaintiff was at all times able to effectively communicate with the medical staff during his incarceration, the Court finds that Plaintiff will not be able to establish that Plaintiff's injuries were caused by TPCG.

Finally, TPCG claims Plaintiff has no standing to seek injunctive relief because there is no evidence of a real or immediate threat that the alleged injury will be repeated. Plaintiff concedes that under applicable law he no longer has standing to seek injunctive relief, as he is no longer incarcerated at TPCJC.[14] Because Plaintiff is no longer incarcerated, the Court finds Plaintiff has failed to establish that any alleged wrongful behavior is likely to recur against him.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment filed by Terrebonne Parish Consolidated Government[15] is **GRANTED.**

**New Orleans, Louisiana**, on this 10th day of September, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. 24, p.8.
[15] R. Doc. 21.